UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STEPHANIE T.,
    Plaintiff,

v.

MARTIN J. O'MALLEY,
Commissioner, Social Security
Administration,
    Defendant.

C.A. No. 23-358-JJM-PAS

## ORDER

Before the Court are competing motions—Plaintiff Stephanie T.'s Motion to Reverse or Remand the Decision of the Commissioner, and Defendant Commissioner Martin J. O'Malley's Motion to Affirm the Decision of the Commissioner. ECF Nos. 11 and 13. Stephanie applied for Supplemental Security Income (SSI) and was denied after the ALJ determined that she was not disabled. ECF No. 7 at 11-23.

Stephanie appeals to this Court on three grounds, but one is dispositive—whether substantial evidence supported the ALJ's finding that her fibromyalgia was not a medically determinable impairment ("MDI").[1] After a thorough review of the entire record, and consistent with the law, the Court GRANTS the Motion to Reverse and Remand, and DENIES the Motion to Affirm.

---

[1] Stephanie also claims that the ALJ improperly found that her subjective complaints conflicted with the record, and that the ALJ improperly relied on the vocational expert's testimony.

I. **FACTS**

Stephanie is 32 years old, a single mother, and a high-school graduate. She previously had jobs at fast-food restaurants but has not worked for the past four years. The ALJ found that she has several severe impairments—migraine headaches, generalized anxiety disorder, major depressive disorder, substance addiction, and post-traumatic stress disorder. *Id.* at 14. She was diagnosed with fibromyalgia in 2017. *Id.* at 15.

The ALJ determined at Step Two that "fibromyalgia is not [an MDI] because neither of the two sets of criteria for diagnosing fibromyalgia described in . . . SSR 12-2p is met and the diagnosis of fibromyalgia is inconsistent with the other evidence in the claimant's case record." *Id.* at 16. The ALJ specifically cited the "lack of rheumatology workup or other objective documentation in the records for clinical signs or symptoms from physical examination to support such diagnosis *** and a lack of evidence of examination and/or testing that ruled out disorders that could account for the claimant's complaints of body pain." *Id.*

The ALJ found that Stephanie could not perform past work and ultimately concluded that she could perform other work such as a photocopy machine operator, mail clerk, and merchandise marker. On that basis, the ALJ determined that Stephanie was not disabled from the application date of August 17, 2020, through the date of the decision.

## II. STANDARD OF REVIEW

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

The Court "must uphold the Secretary's findings . . . if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [their] conclusion." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 647 F.2d 218, 222-23 (1st Cir. 1981) (citing *Consol. Edison Co.*, 305 U.S. at 229). If substantial evidence supports the Commissioner's decision, the Court should affirm it, "even if the record arguably could justify a different conclusion." *Rodriguez Pagan v. Sec'y of Health & Hum. Servs.*, 819 F.2d 1, 3 (1st Cir. 1987). That said, the ALJ's findings are "not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III. ANALYSIS

The Social Security Act is a remedial statute that is meant to be broadly construed and liberally applied and whose purpose is to mitigate some of the rigors of life for those who are disabled or impoverished. *Dousewicz v. Harris*, 646 F.2d 771, 773 (2d Cir. 1981); *Drovak v. Celebrezze*, 345 F.2d 894 (10th Cir. 1965). On the merits, the Court must decide whether substantial evidence supports the ALJ's findings that Stephanie's fibromyalgia was not an MDI, and whether the ALJ applied

the correct legal standards. *See Ward v. Comm'r of Soc. Sec.*, 211 F.3d 652, 655–56 (1st Cir. 2000). The Court finds that neither standard is met.

### A.   Substantial Evidence

Social Security Ruling 12-2p, is explicit on how the Commissioner should determine whether a claimant's fibromyalgia is an MDI. It states:

> FM is a complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months. FM is a common syndrome.
>
> *****
>
> Generally, a person can establish that he or she has an MDI of FM by providing evidence from an acceptable medical source. A licensed physician (a medical or osteopathic doctor) is the only acceptable medical source who can provide such evidence. We cannot rely upon the physician's diagnosis alone. The evidence must document that the physician reviewed the person's medical history and conducted a physical exam. We will review the physician's treatment notes to see if they are consistent with the diagnosis of FM, determine whether the person's symptoms have improved, worsened, or remained stable over time, and establish the physician's assessment over time of the person's physical strength and functional abilities.
>
> We will find that a person has an MDI of FM if the physician diagnosed FM and provides the evidence we describe in section II.A. or section II. B., and the physician's diagnosis is not inconsistent with the other evidence in the person's case record.
>
> *****
>
>> A. *** we may find that a person has an MDI of FM if he or she has all three of the following:
>>    1. A history of widespread pain—that is, pain in all quadrants of the body (the right and left sides of the body, both above and below the waist) and axial skeletal pain (the cervical spine, anterior chest, thoracic spine, or low back)—that has persisted (or that persisted) for at least 3 months. The pain may fluctuate in intensity and may not always be present.

4

2. At least 11 positive tender points on physical examination (see diagram below). The positive tender points must be found bilaterally (on the left and right sides of the body) and both above and below the waist.
    a. The 18 tender point sites are located on each side of the body at the:
- Occiput (base of the skull);
- Low cervical spine (back and side of the neck);
- Trapezius muscle (shoulder);
- Supraspinatus muscle (near the shoulder blade);
- Second rib (top of the rib cage near the sternum or breastbone);
- Lateral epicondyle (outer aspect of the elbow);
- Gluteal (top of the buttock);
- Greater trochanter (below the hip); and
- Inner aspect of the knee.

*****

3. Evidence that other disorders that could cause the symptoms or signs were excluded. Other physical and mental disorders may have symptoms or signs that are the same or similar to those resulting from FM. Therefore, it is common in cases involving FM to find evidence of examinations and testing that rule out other disorders that could account for the person's symptoms and signs. Laboratory testing may include imaging and other laboratory tests (for example, complete blood counts, erythrocyte sedimentation rate, anti-nuclear antibody, thyroid function, and rheumatoid factor).

B. Based on these criteria, we may find that a person has an MDI of FM if he or she has all three of the following criteria:
    1. A history of widespread pain (see section II.A.1.);
    2. Repeated manifestations of six or more FM symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ("fibro fog"), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome; and
    3. Evidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded (see section II.A.3.).

*Soc. Sec. Ruling, SSR 12-2P; Titles II & XVI: Evaluation of Fibromyalgia*, SSR 12-2P, 2012 WL 3104869, at *2-3 (S.S.A. July 25, 2012). Therefore, for Stephanie to show she has an MDI of fibromyalgia, she must (1) show a history of widespread pain; and (2) show repeated manifestation of six or more symptoms; and (3) rule out other disorders that could cause the signs or symptoms.[2]

While the ALJ properly cites the SSR 12-2p criteria, his analysis of each of the SSR 12-2p factors is conclusory and not based on the record facts. Even a cursory review of Stephanie's records reveals the evidence that satisfies each factor:

a. *History of widespread pain.* Stephanie was diagnosed with fibromyalgia in March 2017. (ECF No. 7 at 302-03); her medical records over a 2–3-year period show she had intense body pain (*id.* at 340, 356); back pain, joint pain, chronic pain (*id.* at 476); shoulder pain, (*id.* at 484); pain while holding her baby, while dressing, bathing, reaching overhead, and sleeping (*id.* at 541); and chronic back pain, constant overall pain, and leg weakness (*id.* at 666).

b. *Repeated manifestation of six or more symptoms.* The record shows repeated manifestations of at least six or more symptoms, signs, or co-occurring conditions. The ALJ did find Stephanie's (1) migraine headaches, (2) generalized anxiety disorder, and (3) major depressive disorder to be severe (these are three co-occurring conditions). The medical records also show evidence of (4) memory impairment consistent with "fibro fog" (*id.* at 326-29,

---

[2] Using the 2010 ACR Preliminary Diagnostic Criteria.

6

417, 444, 449, 588, 780); (5) tingling[3] (*id.* at 332, 361, 544, 786); and (6) insomnia,[4] (*id.* at 373, 384, 592, 698).

c. *Rule out other disorders that could cause the symptoms.* The medical records are replete with evidence of Stephanie's medical providers trying treatments for a variety of other conditions and disorders (*id.* at 14-16).

In light of this review, the Court concludes that the ALJ either failed to thoroughly review all of her medical records or ignored evidence found therein when he rejected Stephanie's claim of fibromyalgia as an MDI under the SSR 12-2p criteria.[5] An ALJ's findings of fact are only "conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen*, 172 F.3d at 35 (citing *Da Rosa v. Sec'y*, 803 F.2d 24, 26 (1st Cir. 1986)(per curiam ); *Ortiz v. Sec'y of Health and Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991)).

The ALJ's entire basis to reject Stephanie's fibromyalgia as an MDI is that:

As is the case with any other impairment, fibromyalgia may not be established as a medically determinable impairment solely on the basis of symptoms alone, or on the claimant's allegations regarding symptomatology (20 C.F.R. § 416.908). There must be appropriate medical evidence from an acceptable medical source in order to establish the existence of fibromyalgia as a medically determinable impairment (20 C.F.R. § 416.913(a) and SSR 12-2p).
\*\*\*\*\*

---

[3] The records appear to have been attributed the tingling to carpal tunnel, which was never diagnosed (leaving the tingling to the diagnosed fibro diagnosis).

[4] Insomnia was both documented in the record and supported by the medication prescribed.

[5] While the state agency non-examining consultant opined that Stephanie does not have fibromyalgia, he did not cite any basis or support in any of the records for his conclusory statement. ECF No. 7 at 88-89.

7

> . . . there is a lack of rheumatology workup[6] [or] other objective documentation in the records of clinical signs or symptoms from physical examinations to support such diagnosis. Furthermore, there is lack of evidence of examinations and/or testing that ruled out other disorders that could account for the claimant's complaints of body pain.

ECF No. 7 at 15-16. The ALJ looked for a rheumatology workup, but SSR 12-2p does not require one. Requiring objective findings from such a specialist artificially and impermissibly raises the bar set by SSR 12-2p. "If the medical evidence is such that a 'reasonable mind might accept [it] as adequate to support a conclusion' of disability, the ALJ cannot rest on his untutored lay analysis to interpret it otherwise." *Carlos N. v. Kijakazi*, C.A. No. 20-398-MSM-PAS, 2021 WL 5231949, at *8 (D.R.I. Nov. 10, 2021), R&R adopted, 2022 WL 103322 (D.R.I. Jan. 11, 2022) (quoting *Sherry B. v. Saul*, 518 F. Supp. 3d 590, 591 (D.R.I. 2021)).

Because the ALJ's Step Two findings on Stephanie's fibromyalgia misapplies the law and are not based on substantial evidence, remand is necessary here. A re-analysis of Stephanie's Residual Function Capacity ("RFC") is required because the vocational expert did not consider her fibromyalgia but did, however, testify that a person who "could only occasionally carry out simple tasks and instructions" or "could only occasionally maintain attendance and productivity in the workplace" would be unable to perform "competitive, full-time work." ECF No. 7 at 61. The ALJ's benefit denial fails to discharge his responsibilities and requires a remand.

---

[6] As to the rheumatology workup, Stephanie had a rheumatological workup scheduled just two months after the hearing, but the ALJ did not keep the record open to receive this. ECF No. 7 at 48. On remand, the Commission should now consider these records.

8

## IV. CONCLUSION

The Court GRANTS Stephanie T.'s Motion to Reverse or Remand (ECF No. 11) and DENIES the Commissioner's Motion to Affirm (ECF No. 13). The Court remands this case to the Commission for further action consistent with this Order.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

June 21, 2024